IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| LARRY JOHNSON; MICHELLE HUME | No. 3:21-cv-947-JR |
| | (Lead Case) |
| Plaintiffs | |
| v. | |
| GUARDIAN MANAGEMENT; KELLY PAINE; LISA SIMONSON, | |
| Defendants | |
| MICHELL HUME; LARRY JOHNSONS | No. 3:21-cv-1439-JR |
| | (Trailing Case) |
| Plaintiffs, | |
| v. | |
| THOMAS BARRY BRENNEKE JUNIOR; GUARDIAN MANAGEMENT; GUARDIAN REAL ESTATE SERVIC; UPTOWN TOWER APARTMENTS; KELLY PAINE; LISA SIMONSON | ORDER |
| Defendants. | |

RUSSO, Magistrate Judge:

The District Court entered a judgment in favor of defendants and dismissed this action on September 1, 2022. Defendants filed a motion seeking attorney fees on September 13, 2022.

In a second group of consolidated cases also filed by plaintiff Larry Johnson, Johnson sought a stay relying on a statement from his physician assistant indicating postponement of further proceedings in that group of cases is necessary while plaintiff undergoes treatment. See ECF 124

Page 1 –ORDER

in Case No. 3:21-cv-582 (Lead).  The Court ordered plaintiff to submit a statement from his doctor indicating how much additional time was needed so that a new briefing scheduled could be set on the attorney fee motion.  Plaintiff failed to comply with the Order and did not submit a statement from his doctor.

In this case, plaintiffs submitted a request for stay of proceedings and attached an unsworn statement from plaintiff Johnson's physician assistant.  The provider indicates plaintiff Johnson has "episodic flare-ups" resulting in "incapacity" "one to three times per week or month" which will last through November 2023.[1]  Plaintiff also attaches a statement from his therapist opining that a postponement of the litigation process is strongly advised.  See ECF 59.[2]  Out of an abundance of caution, the Court extends the time to respond to the attorney fee motion.

Given that there are at least some periods in which plaintiff does not suffer from incapacity during the week or month, the Court finds that an extension of an additional 90 days from November 10, 2022, is allows sufficient time for plaintiff to respond.  Accordingly, plaintiffs' response to defendants' motion for attorney fees (ECF 56) is due February 8, 2023.  Defendants have until February 22, 2023, to file any reply and the motion will be taken under advisement on February 27, 2023.  Plaintiff is warned that absent a sworn declaration from his medical doctor that plaintiff Johnson's condition prevents him from responding, no further extensions will be granted.[3]

CONCLUSION

---

[1] The opinion is unclear as to duration of incapacity as it indicates a frequency of 1-3 times with a check mark next to week and another next to month.  The duration is listed as 24 hours or 30 days per episode.

[2] Plaintiffs also requests appointment of counsel. That request is denied for the reasons already stated in the record. In addition, plaintiffs suggest plaintiff Johnson's illness provides a basis for relief from the judgment under Fed. R. Civ. P. 60(b).  Plaintiff has not formally moved for relief from the judgment and defendants have not had an opportunity to respond.  Accordingly, the request is denied without prejudice.

[3] For purposes of judicial economy and to prevent inconsistent rulings, the Court provides plaintiff Michelle Hume with the same extension.  If further extensions become necessary, the Court will revisit whether plaintiff Hume should be required to respond.

Page 2 –ORDER

Plaintiffs' request for a stay (ECF 59) is granted to the extent that plaintiffs' response to defendants' motion for attorney fees (ECF 56) is due February 8, 2023. Defendants have until February 22, 2023, to file any reply and the motion will be taken under advisement on February 27, 2023.

DATED this 14th day of November, 2022.

/s/ Jolie A. Russo<br>
Jolie A. Russo<br>
United States Magistrate Judge

Page 3 –ORDER