IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| LARRY JOHNSON; MICHELLE HUME | No. 3:21-cv-00947-JR <br> (Lead Case) |
| Plaintiffs | |
| | FINDINGS AND RECOMMENDATION |
| v. | |
| GUARDIAN MANAGEMENT; KELLY PAINE; LISA SIMONSON, | |
| Defendants | |
| MICHELLE HUME; LARRY JOHNSON, | No. 3:21-cv-01439-JR <br> (Trailing Case)[1] |
| Plaintiffs, | |
| v. | |
| THOMAS BARRY BRENNEKE JUNIOR; GUARDIAN MANAGEMENT; GUARDIAN REAL ESTATE SERVICES; UPTOWN TOWER APARTMENTS; KELLY PAINE; LISA SIMONSON, | |
| Defendants. | |

RUSSO, Magistrate Judge:

Pro se plaintiffs Larry Johnson and Michelle Hume filed these Fair Housing Act ("FHA") actions against defendants Thomas Brenneke, Lisa Simonson, Kelly Paine, Guardian Management, Guardian Real Estate Services, and Uptown Tower Apartments.

---

[1] All citations are to documents in the lead case unless otherwise noted.

Page 1 – FINDINGS AND RECOMMENDATION

On March 15, 2022, this Court recommended dismissal of most claims, and denial of plaintiffs' three motions for partial summary judgment. ECF 35. No objections were filed, and District Judge Michael Mosman adopted the recommendation, granting the motion to dismiss most claims, with leave to amend, and denying plaintiffs' motions. ECF 38. Thereafter, plaintiff Johnson sought to stay the proceedings for health reasons. ECF 39.

On April 14, 2022, this Court denied the motion to stay based on plaintiff's failure to support his health condition issues. ECF 41. On May 4, 2022, this Court, having found that plaintiff failed to submit an amended complaint as directed, recommended dismissal of the lead case for failure to prosecute leaving the 21-1439 case to proceed on the tenth claim for relief only. ECF 42. While that recommendation was pending, defendants filed a motion for summary judgment as to the tenth claim for relief in 21-1439 case. ECF 44.

On July 21, 2022, this Court recommended granting the motion for summary judgment and dismissing both actions. ECF 49. On August 8, 2022, plaintiff filed objections. On September 1, 2022, Judge Mosman adopted the recommendation and dismissed both actions with prejudice. ECF 54. Judgment entered on September 1, 2022, and on September 26, 2022, plaintiffs filed a notice of appeal.

On August 14, 2024, the Ninth Circuit issued its mandate finding the "district court properly granted summary judgment on plaintiffs' claims arising from their rent payment deadline because plaintiffs failed to raise a genuine dispute of material fact as to whether they were discriminated or retaliated against by defendants[, and] properly dismissed plaintiffs' remaining claims because plaintiffs failed to allege facts sufficient to state a plausible claim." ECF 68, and 69.

Plaintiff Larry Johnson now moves, pursuant to Fed. R. Civ. P. 60, for an order "allowing [him] to amend [his] pro se pleadings in Case # 3:21-cv-947-JR; Case# 3:21-cv-1439-JR and also #. 3:21-cv-582-JR # 3:21-685-JR and # 3:21-cv-1439- JR or file an independent action." ECF 70.

It is unclear on what basis he seeks relief from judgment in these cases, but he does state:

> In his Opinion and Order, District Court Judge Michael W. Mossman found no objections or otherwise were filed to the Magistrate's F&R, and that plaintiffs could amend their pleadings ...
> … To my personal knowledge, I became aware of the District Court's Opinion and Order last week from research on the internet on the Case Mine web site before I was again hospitalized with severe angina on 04/25/2025. Had I known of the Order to amend I would have never appealed the Magistrate's F&R and amended the complaint in those cases.

Id. at p. 1.

Thus, it appears plaintiff seeks relief based on excusable neglect pursuant to Fed. R. Civ. P. 60(b)(1). Plaintiff fails to show how seeking to amend would have saved his cases from dismissal given the findings regarding his claims. Regardless, such motion is untimely. See Fed. R. Civ. P. 60(c)(1) (motion must be made within no more than a year for excusable neglect, newly discovered evidence, or fraud/misconduct.[2]

Plaintiff also requests "his Amended Complaint (Case # 3 :23-CVl 561-YY) in its entirety be constructed/construed as a post retaliation complaint **after** (emphasis added) my engagement of my earlier protected activities of filing discrimination lawsuits, grievances, requesting reasonable accommodations advocating for myself and others, forming a tenants' rights group and

---

[2] The motion must be made within a "reasonable time" if asserting that the judgment is void, has been satisfied, or other reasons that justify relief. Fed. R. Civ. P. 60(c)(1). The motion does not rationally raise a void judgment or satisfaction of the judgment. And as to other reasons justifying relief, the relief is available "only under extraordinary circumstances." Latshaw v. Trainer Wortham & Co., Inc., 452 F.3d 1097, 1103-04 (9th Cir. 2006) (citations and quotation marks omitted); Twentieth Century-Fox Film Corp. v. Dunnahoo, 637 F.2d 1338, 1341 (9th Cir. 1981). Plaintiff does not demonstrate such circumstances.

Page 3 – FINDINGS AND RECOMMENDATION

petitioning the government for relief." ECF 70 at p. 1. That case is not before the undersigned. To the extent plaintiff seeks to invoke the Court's power to entertain an independent action to relieve a party from judgment, the Court declines to give an advisory opinion as to how it would treat such an action if filed and certainly declines to rule as to any defenses available. See Fed. R. Civ. P. 60(d) (Rule allowing relief from judgment does not limit a court's power to entertain an independent action to relieve a party from a judgment).

In addition, to the extent plaintiff seeks to have this Court revive the case against defendants despite dismissal with prejudice and the Ninth Circuit's finding that summary judgment and dismissal were properly granted, the Court is without power to do so absent consent from the Ninth Circuit Court of Appeals. See Palomo v. Baba, 497 F.2d 959, 960 (9th Cir. 1974) (per curiam) (district court has jurisdiction to act on Rule 60(b) motion after its judgment has been affirmed and it has received Court of Appeal's mandate, but jurisdiction as to all matters encompassed by mandate rests on conformance with mandate; absent consent of Court of Appeals, district court could not act in manner inconsistent with mandate); see also Jaffe v. Yaffe, 385 Fed. Appx. 668, 669 (9th Cir. 2010) (district court did not abuse discretion by rejecting pro se plaintiff's Rule 60(b) motion where "rejection was consistent with [Ninth Circuit's] mandate upon summarily affirming the district court's order dismissing [plaintiff's] suit for lack of subject matter jurisdiction"); cf. Firth v. United States, 554 F.2d 990, 994 & n.3 (9th Cir. 1977) (citations omitted) (on remand district court "is without power to do anything which is contrary to either the letter or spirit of [Court of Appeals'] mandate"); id. at 994 n.4 ("[A] district court must carry out the mandate of a court of appeals, even if the mandate was in error...." (citations omitted). Accordingly, plaintiff's motion for relief from judgment is denied.

## RECOMMENDATION

For the reasons stated above, plaintiff's Rule 60 motion (ECF 70 in Lead Case) should be denied.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties shall have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any factual determination of the Magistrate Judge will be considered as a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to this recommendation.

DATED this 22nd day of July, 2025.

                        /s/ Jolie A. Russo
                           Jolie A. Russo
                  United States Magistrate Judge