IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **LARRY JOHNSON** and **MICHELLE HUME**,<br><br>        Plaintiffs,<br><br>    v.<br><br>**GUARDIAN MANAGEMENT, LLC**; **LISA SIMONSON**; **KELLY PAINE**; et al.,[1]<br><br>        Defendants. | Case Nos. 3:21-cv-00947-JR & 3:21-cv-01439-JR<br><br>**ORDER ADOPTING FINDINGS & RECOMMENDATION** |

Larry Johnson, Portland, OR 97205. Pro se.

**IMMERGUT, District Judge.**

Plaintiffs Larry Johnson and Michelle Hume brought two consolidated Fair Housing Act actions. Judge Mosman entered judgment in favor of all defendants and dismissed both actions with prejudice in September 2022. *See* Judgment, ECF 55.[2] The judgment was affirmed on appeal. *Johnson v. Guardian Mgmt.*, No. 22-35775, 2024 WL 3508053 (9th Cir. July 23, 2024).

---

[1] Plaintiffs name the captioned Defendants in each of the consolidated cases. They additionally name Thomas B. Brenneke, Jr., Guardian Real Estate Services, and Uptown Tower Apartments as defendants in case no. 3:21-cv-01439-JR.

[2] All ECF citations are to docket entries in case no. 3:21-cv-00947-JR.

PAGE 1 – ORDER ADOPTING FINDINGS & RECOMMENDATION

Plaintiff Johnson now moves under Federal Rule of Civil Procedure 60 for leave to amend his pleadings or file an independent action. Motion, ECF 70 at 1. Magistrate Judge Russo issued a Findings and Recommendation ("F&R") recommending that this motion be denied as untimely under Rule 60(c)(1). ECF 72. Plaintiff Johnson filed objections to the F&R. ECF 74. This Court has reviewed de novo the portion of the F&R to which Plaintiff objected. For the following reasons, the Court ADOPTS Magistrate Judge Russo's F&R.

## STANDARDS

Under the Federal Magistrates Act ("Act"), as amended, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). If a party objects to a magistrate judge's F&R, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* But the court is not required to review, de novo or under any other standard, the factual or legal conclusions of the F&R that are not objected to. *See Thomas v. Arn*, 474 U.S. 140, 149–50 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Nevertheless, the Act "does not preclude further review by the district judge, *sua sponte*" whether de novo or under another standard. *Thomas*, 474 U.S. at 154.

## DISCUSSION

Federal Rule of Civil Procedure 60(c)(1) requires that a motion for relief from judgment must be made within a "reasonable time." "What constitutes 'reasonable time' depends upon the facts of each case, taking into consideration the interest in finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and prejudice to other parties." *Ashford v. Steuart*, 657 F.2d 1053, 1055 (9th Cir. 1981) (per curiam). "Because the time for appeal had passed in this case, the interest in finality must be given great weight." *Id.* Judge

PAGE 2 – ORDER ADOPTING FINDINGS & RECOMMENDATION

Russo's F&R correctly applies this Rule in denying Plaintiffs' Motion, which seeks to revive a case that was dismissed with prejudice nearly three years ago. *See* Judgment, ECF 55.

Plaintiffs' Objections center on a March 2022 Opinion and Order in this case that dismissed their claims with leave to amend. ECF 38. Plaintiff Johnson states that he was unaware that he had been granted leave to amend the Complaint until April 2025 and that, had he known at the time, he would have amended the Complaint instead of eventually filing an appeal. Objections, ECF 74 at 3–4. He explains that he was experiencing health issues at the time that made it difficult to participate in the litigation. *Id.* He also objects to Judge Russo's finding that he failed to establish any "extraordinary circumstances" that would justify granting his motion. *Id.* at 5; *see* F&R, ECF 72 at 3 n.2.

Even construing Plaintiffs' Objections liberally and affording them the benefit of any doubt, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam), this Court finds no error in the F&R. Relief under Rule 60(b)(6) "is available only where extraordinary circumstances prevented a litigant from seeking earlier, more timely relief." *United States v. Alpine Land & Reservoir Co.*, 984 F.2d 1047, 1049 (9th Cir. 1993). While this Court appreciates the difficulties of litigating *pro se*, particularly given the health issues Plaintiff Johnson was experiencing at the time, those difficulties did not prevent him from appealing this case, *see* Notice of Appeal, ECF 62, or vigorously litigating this case on appeal, *see* Docket, *Johnson v. Guardian Management*, No. 22-35775 (9th Cir. docketed Oct. 4, 2022). This Court does not find that there were extraordinary circumstances beyond Plaintiffs' control that prevented them from learning about the court's ruling and timely seeking relief under Rule 60(b).

PAGE 3 – ORDER ADOPTING FINDINGS & RECOMMENDATION

## CONCLUSION

This Court has reviewed de novo the portions of Judge Russo's F&R to which Plaintiff objected. Judge Russo's F&R, ECF 72, is adopted in full. This Court DENIES Plaintiff's Rule 60 Motion, ECF 70.

**IT IS SO ORDERED**.

DATED this 7th day of August, 2025.

/s/ Karin J. Immergut<br>
Karin J. Immergut<br>
United States District Judge